FRANCIS E. DE RAISMES; Landlord, Respondent, v. HAROLD L. R. THOMAS, Tenant, Appellant, and JOSEPHINE DOWNS and MARY ELLIS, Undertenants, Appellants.— Final order of the County Court of Suffolk county dispossessing Thomas as tenant and his undertenants, Downs and Ellis, from property described in the petition, unanimously affirmed, with costs. The only question in this proceeding was whether or not the conventional relation of landlord and tenant existed between the petitioner, respondent, and the tenant, appellant. Such conventional relationship was established. The character of the tenancy arising from the dealings between Thomas and DesAnges is not determined by whether the contract invoked by Thomas was enforcible or unenforcible under the Statute of Frauds. The contract as pleaded contained no terms with respect to the occupancy of the premises although it is alleged that the occupancy was pursuant to such contract of purchase. The entering into possession under that contract resulted in Thomas becoming a tenant at will (*Harris* v. *Frink*, 49 N. Y. 24, 32) and that status continues as a consequence of the original entering into possession at the time of the alleged contract of purchase. The enforcibility of that contract of purchase can be determined in a specific performance action only. Whether or not the Statute of Frauds applies to that contract, if it were in fact made under circumstances making it otherwise enforcible, may be determined in such an action only upon proof of facts bearing upon performance, the entering into possession of the property and the character of the improvements, if any, made upon the property by the alleged purchaser. In view of the foregoing disposition, the appeal of Downs and Ellis is dismissed, without costs. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

ROBERT DRAVECKA, Respondent, v. CHARLES A. STONEHAM and Ross F. ROBERTSON, as Partners, Trading under the Firm Name of CHARLES A. STONEHAM & Co., and Individually, Appellants, and ERNEST H. CLARKE, Trading under the Name of E. H. CLARKE & Co., and Individually, and All of Said Individuals Jointly and Severally, Defendants. (Action No. 8.) — Order granting plaintiff's motion for examination before trial and for production and discovery affirmed, with ten dollars costs and disbursements; examination to proceed on five days' notice at place and hour stated in the order. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

GERTRUDE DUBOFSKY, an Infant under the Age of Fourteen Years, by MORRIS DUBOFSKY, Her Guardian ad Litem, Respondent, v. SAM SMITH and BENNIE SISKIN, Appellants.— Judgment and order unanimously affirmed, with costs. Defendants did not show that the recollection of the witness Radofsky had been exhausted or that it needed refreshing, and, therefore, they were not entitled to have that witness read the claimed prior statement made by him out of court. Under those circumstances the error of the court in not permitting the defendants to have the witness identify his signature was not prejudicial. (Civ. Prac. Act, § 106.) Young, Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., concurs in result.